IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAYSEAN BARBER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, DR. SEAN THOMAS, DR. CYNTHIA POLAGE, DR. JEFF MELVIN, DR. AGNES STAIRS, DR. YVONNE WESTOVER, DR. SARAH HOFF, and DR. DOUGLAS MORIN,<br><br>　　　　Defendants. | 8:21CV285<br><br><br>**MEMORANDUM<br>AND ORDER** |

　　　　Plaintiff, Raysean Barber ("Barber"), a state prisoner currently incarcerated at the Omaha Correctional Center ("OCC"), filed his pro se Complaint on July 28, 2021 (Filing 1).[1] The court will now review this pleading to determine whether the case should proceed to service of process, or whether it should be dismissed pursuant to 28 U.S.C. § 1915A.

## I.  LEGAL STANDARDS ON INITIAL REVIEW

　　　　The Prison Litigation Reform Act ("PLRA") requires the court to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

---

[1] At the time the Complaint was filed, Barber was housed at the Lincoln Correctional Center ("LCC").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). "A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004).

## II. SUMMARY OF COMPLAINT

This is a civil rights action brought under 42 U.S.C. § 1983. Barber complains he was placed on an involuntary medication order ("IMO") for Haldol injections in November 2019, while he was housed at the Tecumseh State Correctional Institute ("TSCI"), and the IMO was continued following hearings in May 2020 and October 2020. Barber claims eight named defendants, while acting on behalf of the Nebraska Department of Correctional Services ("NDCS"), violated his right to substantive due process under the Fourteenth Amendment. Among other relief requested, Barber seeks a declaration that the forced administration of antipsychotic drugs on him is unconstitutional, an injunction against the continued IMO, and the award of compensatory and punitive damages. (Filing 1, ¶¶ 58-62.) The NDCS Director, Scott Frakes, is sued in his official capacity for declaratory and injunctive relief, and in

his individual capacity for damages. The other seven defendants (Dr. Sean Thomas, Dr. Jeff Melvin, Dr. Cynthia Polage, Dr. Agnes Stairs, Dr. Yvonne Westover, Dr. Sarah Hoff, and Dr. Douglas Morin), who allegedly served as members of the involuntary medication hearing committee ("IMHC") at various times, are sued only in their individual capacities, for damages. (Filing 1, ¶¶ 8-15.)

### III. DISCUSSION

This case is duplicative of *Barber v. Frakes, et al.*, Case No. 20-282, which Plaintiff filed on July 16, 2020, and which remains pending. The court, on its initial review of Barber's Second Amended Complaint in Case No. 20-282, dismissed without prejudice his substantive due process claims against Defendants Frakes, Thomas, Melvin, Polage, Stairs, Westover, Hoff, and Morin in their individual capacities, but allowed individual-capacity claims to proceed to service against six psychiatrists and psychologists who applied for the involuntary medication order in November 2019 or for its continuance in May 2020 or October 2020; the court also allowed an official-capacity claim for declaratory and injunctive relief to proceed against Defendant Frakes. See Memorandum and Order entered on April 28, 2021 (Filing 15 in Case No. 8:20CV282).[2]

District courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party. *Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992) (affirming direct court's preservice dismissal of pro se prisoner's § 1983 complaint). The court will do so here.

---

[2] The court found that "Barber's allegations fail to state a plausible claim for relief against the IMHC members for approving the IMO or its continuations, or against Director Frakes for upholding the committees' orders on appeal. The mere fact that Barber appeared at hearings and denied the truthfulness of certain information contained in the applications does not create a reasonable inference that these defendants subjectively understood there was a substantial risk that the IMO applications were not supported by reliable evidence. And because Director Frakes lacks medical expertise, he cannot be held liable for the medical defendants' diagnostic and treatment decisions. His role was limited to determining whether institutional procedures were followed." (Filing 15 in Case No. 8:20CV282.)

3

If Barber wants to revive the dismissed individual-capacity claims, he will need to file an appropriate motion for leave to amend in Case No. 8:20CV282, along with an unsigned copy of the proposed amended pleading. *See* Fed. R. Civ. P. 15; NECivR 15.1. Because the court determined in Case No. 8:20CV282 that Barber's Second Amended Complaint failed to state a claim upon which relief may be granted against these Defendants in their individual capacities, he will also need to separately file a supporting brief explaining how the proposed amendments would lead to a different result. *See* NECivR 7.1(a)(1)(B) ("If the court concludes that a motion raises a substantial issue of law, … it may treat the failure to file a brief as an abandonment of the motion."); *Carter v. Muldoon*, No. 8:17CV319, 2018 WL 4775439, at *1 (D. Neb. Oct. 3, 2018) (denying pro se plaintiff's motion to amend pleadings for noncompliance with local rules, including failure to file a supporting brief).

IT IS THEREFORE ORDERED:

1. This case is dismissed without prejudice.

2. Plaintiff's request for service (Filing 3) is denied.

3. Judgment will be entered by separate document.

Dated this 12th day of October 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge